UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEAST DIVISION AT GREENEVILLE

| | |
|---|---|
| **Kenneth Holt, Calvin Bonawitz, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| V. ) | |
| ) | **Case No.: 2:03-CV-378** |
| **Lenzing Fibers Corporation, Lenzing A.G.,** ) | |
| **Lenzing U.S.A. Corporation, INVESCO,** ) | |
| **Inc., Kemang, Inc. and Fabest, A.G.** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER

The defendants Lenzing U.S.A. Corporation ("LUSAC"), INVESCO, Inc.("INVESCO") and Kemang, Inc.("Kemang"), collectively referred to herein as "these Defendants", by and through counsel, for answer and in defense of the Complaint filed against them in this cause state as follows:

### FIRST DEFENSE

Defendants MOVE to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P.12(b)(6) as the allegations in the Complaint are subject to the preemption provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Section 1001 et seq. and, therefore the Complaint fails to state a claim upon relief may be granted.

### SECOND DEFENSE

Defendants INVESCO and KEMANG MOVE to dismiss the Complaint pursuant to Fed.R. Civ. P. 12(b) (5) as these entities were not properly served with process in this matter.

1

## THIRD DEFENSE

Plaintiffs claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Plaintiffs claims are barred, in whole or in part, by the equitable doctrines of estoppel and/or waiver.

## FIFTH DEFENSE

Defendants aver they have acted in good faith at all times relevant herein.

## SIXTH DEFENSE

Defendants aver their actions were based on legitimate business reasons motivated by substantial business hardship, and not for the purpose of avoiding or evading liability under any benefit plan(s).

## SEVENTH DEFENSE

Defendants aver one or more of the plaintiffs served as officers/directors of the defendant-corporations and participated in significant decisions with respect to the benefit plans at issue. Therefore, in the event of any liability with respect to the allegations in the Complaint, these plaintiffs' claims are barred by the equitable doctrine of unclean hands.

## EIGHTH DEFENSE

Defendants aver the allegations in the Complaint are subject to action by the Pension Benefit Guaranty Corporation and the plaintiffs do not have standing to bring this action.

## NINTH DEFENSE

Plaintiffs fail to state a claim against Defendants INVESCO, LUSAC and Kemang because these entities were not the plaintiffs' employer(s), nor were they the plan sponsor(s).

## TENTH DEFENSE

Plaintiffs' claims against Defendants LUSAC, INVESCO and Kemang are limited to the extent Lenzing Fibers Corporation has filed a petition in bankruptcy and, to the extent the bankruptcy filing and proceedings alter or affect Lenzing Fibers Corporation's liability for any benefits under the Plan.

## ELEVENTH DEFENSE

Defendants reserve the right to amend its Answer to include additional affirmative defenses as this matter progresses.

## ADMISSIONS AND DENIALS

Subject to and without waiving the foregoing affirmative defenses, for answer to the specific allegations in the Complaint, the Defendants respond as follows:

1. The allegations contained in Paragraph One (1) of the Complaint do not require a response from these Defendants. However, upon information and belief, Defendants aver the allegations contained in Paragraph One (1) of the Complaint are accurate, except with respect to the last sentence contained in Paragraph One (1), Defendants deny the Plaintiffs are entitled to bring this cause of action under any theory.

2. The allegations contained in Paragraph Two (2) of the Complaint do not apply to

3

defendants LUSAC, INVESCO, Inc. or Kemang, Inc. and, therefore, these Defendants are not required to respond to this allegation. To the extent a response from these Defendants is required, the allegations are denied.

3. The allegations contained in Paragraph Three (3) of the Complaint do not apply to defendants LUSAC, INVESCO, or Kemang, and, therefore, these Defendants are not required to respond to this allegation. However, upon information and belief, with respect to the third sentence of Paragraph Three (3), Defendants deny Lenzing A.G. is currently a minority parent corporation of LUSAC and admit Lenzing A. G. was the sole parent corporation of LUSAC until on or about December 31, 2001. Any remaining allegations contained in Paragraph Three (3) are denied.

4. With respect to the allegations contained in Paragraph Four (4) of the Complaint, Defendants admit LUSAC is a Delaware Corporation registered to do business in the State of Tennessee, with the principal business address of Lenzing U.S.A. Corporation, Highway 160, P. O. Box 2000, Lowland, Tennessee 37778. Defendant LUSAC denies it may be served by delivering the Complaint to CT Corporation Systems, 530 Gay Street, Knoxville, Tennessee 37902. Defendant LUSAC admits it was the sole owner of stock in Lenzing Fibers Corporation until December 31, 2001. Any remaining allegations contained in Paragraph Four (4) are denied.

5. With respect to the allegations contained in Paragraph Five (5) of the Complaint, Defendant INVESCO admits it is a Delaware Corporation with principal business offices located at 2711 Centreville Road, Wilmington, Delaware 19808. Defendant denies it may be served with process by delivering this Complaint to CT Corporation Systems, 530 Gay Street, Knoxville,

4

Case 2:03-cv-00378   Document 12   Filed 05/19/04   Page 4 of 11   PageID #: 8

Tennessee 37902. Defendant INVESCO admits it is majority owner of LUSAC since on or about December 31, 2001. Any remaining allegations contained in Paragraph Five (5) are denied.

6. With respect to the allegations contained in Paragraph Six (6) of the Complaint, Defendant Kemang admits it is a Delaware Corporation with principal business offices located at 2711 Centreville Road, Suite 400, Wilmington, Delaware 19808. Defendant Kemang denies it may be served with process by delivering this Complaint to CT Corporation Systems, 530 Gay Street, Knoxville, Tennessee 37902. Defendant Kemang admits it is currently a forty percent (40%) owner of INVESCO. Any remaining allegations contained in Paragraph Six (6) are denied.

7. The allegations contained in Paragraph Seven (7) of the Complaint do not apply to the defendants herein and, therefore, these Defendants are not required to respond to said allegations. However, upon information and belief, these Defendants admit Fabest is a 60% owner of INVESCO. To the extent a response is required from these Defendants, the remaining allegations in Paragraph Seven (7) are denied.

8. These Defendants do not include LFC and the allegations contained in Paragraph Eight (8) of the Complaint are directed to LFC. However, upon information and belief, these Defendants admit LFC entered into an Agreement to purchase a rayon fiber manufacturing plant from BASF corporation in Lowland, Tennessee in 1992. Defendants admit some of the plaintiffs were employees of BASF corporation up until the time of the purchase of the plant by LFC. These Defendants are without information sufficient to admit or deny the remaining allegations contained in Paragraph Eight (8), and, therefore, those allegations are denied.

5

Case 2:03-cv-00378   Document 12   Filed 05/19/04   Page 5 of 11   PageID #: 9

9. Defendants admit that at the time LFC acquired the rayon fiber manufacturing plant from BASF Corporation, LFC was wholly owned by LUSAC. Defendants admit LUSAC was wholly owned by LAG until December 31, 2001. Defendants admit LFC was established for the purpose of producing and selling rayon fiber product from the Lowland, Tennessee plant. Otherwise, the remaining allegations contained in Paragraph Nine (9) of the Complaint are denied.

10. The allegations contained in Paragraph Ten (10) of the Complaint are denied.

11. With respect to the allegations contained in Paragraph Eleven (11) of the Complaint, these Defendants admit, upon information and belief, that at the time LFC acquired the rayon manufacturing plant from BASF, there existed a pension plan and certain other employee benefits in favor of employees with the plant. These Defendants admit some of the plaintiffs in this action were beneficiaries of or participants in the BASF pension plan and the other BASF employee benefits. Upon information and belief, these Defendants admit some of the plaintiffs in this cause of action were covered by such plans up to the time LFC acquired the rayon manufacturing plant from BASF and admits other plaintiffs have been employed by LFC since its acquisition of the BASF operations and, some have become participants in LFC benefit plans. The remaining allegations contained in Paragraph Eleven (11) of the Complaint are denied.

12. The allegations contained in the first sentence of Paragraph Twelve (12) are denied. With respect to the allegations contained in the second sentence of Paragraph Twelve (12), these allegations are directed to Defendant LFC and, therefore, these defendants are not required to respond to said allegations. To the extent a response to these allegations is required from these Defendants, the

allegations are denied. These Defendants admit, upon information and belief, that a class action lawsuit was brought in this Court in 1994 styled <u>Kenneth Holt, et al. v. Lenzing Fibers Corporation, et al.</u> and, that, as a result of said litigation, settlement was ultimately entered into with the settlement being approved by an Order in 1996. Upon information and belief, the Settlement Agreement provided that LFC may modify or terminate such plans. The Order speaks for itself with respect to the terms contained therein and with respect to LFC's actions in implementing the Order. Upon information and belief, these Defendants admit LFC implemented a retiree health insurance plan, but the remaining the allegations contained in Paragraph Twelve (12) of the Complaint are denied.

13. These Defendants deny the allegations contained in Paragraph Thirteen (13) of the Complaint, including the allegations contained in Paragraph Thirteen (13) (a), (b) and ( c). Defendants admit some of the officers and directors of LUSAC were also board members of LFC, but the remaining allegations contained in Paragraph Thirteen (13) of the Complaint are hereby denied.

14. The allegations contained in Paragraph Fourteen (14) of the Complaint are denied.

15. The allegations contained in Paragraph Fifteen (15) of the Complaint are denied.

16. Upon information and belief, these Defendants admit LAG is a publicly-traded, rayon fiber manufacturing company with production facilities in Austria, Indonesia, and the United States. The remaining allegations contained in Paragraph Sixteen (16) of the Complaint relate to LAG, do not relate to these Defendants and therefore, they are not required to respond to said allegations; to the extent a response from these Defendants is required, the allegations are denied.

7

17. These Defendants admit INVESCO purchased a 61% interest in LUSAC from LAG in a transaction occurring on or about December 31, 2001. Defendants admit Kemang is the owner of 40% of the shares of INVESCO. Defendants deny the remaining allegations contained in Paragraph Seventeen (17).

18. The allegations contained in Paragraph Eighteen (18) of the Complaint are denied.

19. The allegations contained in Paragraph Nineteen (19) of the Complaint are denied.

20. The allegations contained in Paragraph Twenty (20) of the Complaint are denied.

21. Defendants admit that subsequent to the sale on or about December 31, 2001, LAG issued public announcements of its sale and advised its customers of the sale. The remaining allegations contained in Paragraph Twenty-One (21) are denied.

22. These Defendants deny the allegations contained in the first sentence of Paragraph Twenty-Two (22). With respect to the remaining allegations contained in Paragraph Twenty-two (22), these Defendants deny participating in the alleged notifications to plaintiffs. Upon information and belief, Defendants admit LFC provided notifications to its affected employees regarding certain modifications in benefit plans in 2003, but, otherwise, the remaining allegations contained in Paragraph Twenty-Two (22) are denied.

23. Defendants admit that by the end of 2003, the salaried employees pension fund benefits payable to Plaintiffs as employees of LFC was underfunded; however, the Defendants deny they were "acting in concert together, " and these Defendants deny they had "allowed" the benefits to become underfunded. These Defendants are without information sufficient to admit or deny the remaining

allegations contained in Paragraph Twenty-three (23) as those allegations relate to LFC rather than these Defendants. To the extent a response from these Defendants is required, the allegations are denied.

24. The allegations contained in Paragraph Twenty-four (24) of the Complaint are denied.

25. The allegations contained in Paragraph Twenty-five (25) of the Complaint are denied.

26. The allegations contained in Paragraph Twenty-six (26) of the Complaint are denied.

27. The allegations contained in Paragraph Twenty-seven (27) of the Complaint are denied.

28. The allegations contained in Paragraph Twenty-eight (28) of the Complaint are denied.

29. The allegations contained in Paragraph Twenty-nine (29) of the Complaint are denied.

30. The allegations contained in Paragraph Thirty (30) of the Complaint are denied.

31. The allegations contained in Paragraph Thirty-one (31) of the Complaint are denied.

32. The allegations contained in Paragraph Thirty-two (32) of the Complaint are denied.

33. Any allegations which have not been admitted, denied, or otherwise explained are hereby denied.

34. Defendants reserve the right to amend and/or supplement the foregoing responses as this matter progresses, including but not limited to the right to add additional affirmative defenses.

35. Defendants deny Plaintiffs are entitled to any of the request relief and respectfully submit the Complaint should be dismissed in its entirety.

Having responded to the allegations in the Complaint, defendants submit the Complaint should be denied in its entirety with costs assessed to the plaintiffs.

Respectfully submitted this 19th day of May, 2004.

                s/[William R. Seale]
                William R. Seale, Esq., BPR #5275
                Mary Moffatt Helms, Esq., BPR # 12729
                Wimberly Lawson Seale Wright & Daves, PLLC
                Attorneys for Lenzing U.S.A. Corporation,
                Invesco, Inc., and Kemang, Inc., Defendants
                929 West First North Street
                P. O. Box 1066
                Morristown, TN 37816-1066
                (423) 587-6870

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2004, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                s/[Mary Moffatt Helms]
                Mary Moffatt Helms, Esq., BPR # 12729
                Wimberly Lawson Seale Wright & Daves, PLLC
                Attorneys for Lenzing U.S.A. Corporation,
                Invesco, Inc., and Kemang, Inc., Defendants
                929 West First North Street
                P. O. Box 1066
                Morristown, TN 37816-1066
                (423) 587-6870